**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTOPHER M. CHAPPEL and | ) | Case No.: 6:15-bk-05236-KSJ |
| LOLLIE D. CHAPPEL, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on the movant's attorney, Wendy D. Brewer, Jefferson & Brewer, LLC, 300 N. Meridian Street, Suite 220, Indianapolis, IN 46204 within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

**SHAH FAMILY, LLC'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT**

Shah Family, LLC ("**Shah Family**") by and through the undersigned counsel, hereby files its *Motion for Relief From Stay and Abandonment* (the "**Motion**") seeking entry of an order pursuant to 11 U.S.C. §§ 362(d) and (j), 541 and 554 finding that the automatic stay is not applicable, or terminating the automatic stay as it relates to any membership interests or any other interest in Primecare Lake Nona, LLC claimed by Christopher M. Chappel ("**Dr. Chappel**") and/or Lollie Chappel ("**Mrs. Chappel**" and together with Dr. Chappel, the

"**Chappels**" or the "**Debtors**"), and abandoning any claim of the estate in such interests, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 11 U.S.C. §§1408 and 1409.

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

2. On or about June 16, 2015 (the "**Petition Date**"), the Debtors filed a voluntary petition pursuant to chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. Schedule B filed by the Debtors lists an unspecified ownership interest in Primecare Lake Nona, LLC, a Florida limited liability company ("**Lake Nona**").

4. On August 21, 2014, Shah Family, along with four (4) other petitioning creditors filed an involuntary petition under chapter 11 of Title 11 of the United States Code against Chappel Family Practice, LLC ("**CFP**"), thereby commencing Case No. 6:14-bk-09588-CCJ before the Honorable Cynthia Jackson, in the United States Bankruptcy Court for the Middle District of Florida (the "**CFP Bankruptcy Case**").

5. On December 12, 2014, the case was converted to one under Chapter 7 of the Bankruptcy Code, an Order for Relief was entered in the CFP Bankruptcy Case, and Dennis Kennedy was appointed as the Chapter 7 Trustee (the "**CFP Trustee**").

6. On May 13, 2015, in the CFP Bankruptcy Case, the CFP Trustee filed its Motion to Sell Property Free and Clear of Liens [Docket No. 121] (the "**CFP Sale Motion**") seeking authority to sell certain assets (the "**CFP Sale Assets**") of the CFP bankruptcy estate to Shah Family in exchange for a combination of a credit bid, partial claim waiver, and cash payment. A true and correct copy of the CFP Sale Motion is attached hereto as Exhibit A.

7. The CFP Sale Assets include 100% of the membership interests in Lake Nona (the "**Lake Nona Interests**").

8. On or about June 17, 2015, a hearing was held on the CFP Sale Motion, and on June 23, 2015, an *Order Granting Motion to Sell Property of the Estate Free and Clear of Liens and Approving Sale* [Docket No. 129] (the "**CFP Sale Order**") was entered in the CFP Bankruptcy Case. A true and correct copy of the CFP Sale Order is attached hereto as Exhibit B.

### RELIEF REQUESTED BY THIS MOTION

9. By this motion, Shah Family requests that the Court find that the automatic stay does not apply to the Lake Nona Interests because such interests are not property of the Debtors' estate under Section 541 of the Bankruptcy Code, or terminate the automatic stay pursuant to Section 362(d) as it relates to the Lake Nona Interests, and abandon any claim of the estate to the Lake Nona Interests to allow consummation of the sale of the CFP Sale Assets including the Lake Nona Interests, pursuant to the CFP Sale Order entered in the CFP Bankruptcy Case.

### BASIS FOR RELIEF REQUESTED

10. The Debtors do not have a valid claim to the Lake Nona Interests and as such the Lake Nona Interests are not property of the estate within the meaning of Section 541 of the Bankruptcy Code and the automatic stay is inapplicable as it relates to the Lake Nona Interests.

11. As Dr. Chappel is aware, on or about January 30, 2013, CFP acquired 100% of the Lake Nona Interests from Mildred T. Trevette, P.A. and PrimeCare North Plant City, LLC, pursuant to the terms of a Membership Interest Purchase Agreement (the "**Lake Nona Purchase Agreement**")[1]. The Lake Nona Purchase Agreement was executed on behalf of CFP by Dr.

---

[1] The Lake Nona Purchase Agreement itself includes a confidentiality provision at Section 20 and as such is not included as an exhibit hereto.

3

Chappel. Pursuant to the terms of the Lake Nona Purchase Agreement, PrimeCare North Plant City, LLC and Mildred T. Trevett, P.A. each executed an Assignment of Membership Interests assigning the Lake Nona Interests to CFP. A true and correct copy of both of the Assignments of Membership Interests are attached hereto as <u>Composite Exhibit C</u>.

12. Prior to the filing of the CFP petition and at all times relevant hereto, CFP owned 100% of the Lake Nona Interests, and as such the Lake Nona Interests were property of the CFP Bankruptcy estate under the administration of the CFP Trustee.

13. The Lake Nona Interests should not have been listed on the Debtors' Schedule B and are not property of the estate subject to the automatic stay.

14. The Debtors have no equity in the Lake Nona Interests and the Lake Nona Interests are not necessary to an effective reorganization of the Debtors and as such, pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay may be terminated.

15. Pursuant to Section 554 of the Bankruptcy Code, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

16. The Debtors contend the collective value of the Lake Nona Interests and the Debtors' claimed interests in a variety of different entities total only $1. If the Debtors' valuation is to be accepted, to the extent the Lake Nona Interests are considered property of the estate, the Lake Nona Interests are of inconsequential value to the estate, and should be abandoned from the estate.

17. Furthermore, pursuant to Section 362(j) of the Bankruptcy Code, "[o]n request of a part in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated."

WHEREFORE, based on the foregoing, Shah Family, LLC respectfully requests entry of an Order: (a) finding that the Lake Nona Interests are not property of the estate and as such, the automatic stay is in applicable; and/or (b) terminating the automatic stay as it relates to the Lake Nona Interests, and abandoning any interest of the Debtors' estate in the Lake Nona Interests.

Respectfully submitted this 14th day of July, 2015,

> /s/ Wendy D. Brewer
> Wendy D. Brewer, Fla Bar. No. 0057746
> JEFFERSON & BREWER, LLC
> 300 N. Meridian Street, Suite 220
> Indianapolis, IN  46204
> Tel: 317.215.6220, x701
> E-mail: wbrewer@jeffersonbrewer.com
> *Attorneys for Kirti Shah and Shah Family, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion* was filed electronically this 14th day of July, 2015.  Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system.  I hereby further certify that I caused a copy of the foregoing *Motion* to be served via U.S. Mail, First Class, Postage Pre-Paid upon parties that are not registered to receive notice by operation of the Court's electronic filing system at their respective addresses listed on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

> /s/ Wendy D. Brewer
> Wendy D. Brewer