**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

Christopher M. Chappel and                                    Case No.  6:15-bk-05236-KSJ
Lollie D. Chappel,

      Debtors,

_____/

**TRUSTEE'S MOTION FOR TURNOVER**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the certificate of service attached to this paper plus an additional three (3) days for service.   If you object to the relief requested in this paper, you must file your response with the  Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801, and serve a copy  on the Trustee/Attorney for the Trustee, Cynthia E. Lewis, P.O. Box 540163, Orlando, FL 32854-0163 and a copy on the U.S. Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, FL 32801.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing . If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice of hearing, and may grant the relief requested.**

---

Pursuant to 11 U.S.C. §§ 521, 541, 542 and Bankruptcy Rule 4002 Gene T. Chambers, Chapter 7 Trustee (the "Trustee"), through the undersigned counsel, submits her Motion for Turnover, and states as follows:

1. Debtors, Christopher M. Chappel and Lollie D. Chappel ("Debtors") filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on June 16, 2015.

2. Gene T. Chambers was appointed as the Chapter 7 Trustee in this case.

3. Debtor's initial 11 U.S.C. §341 meeting with the Trustee was held on July 17, 2015 and subsequently continued to August 28, 2015. As of this date, the attorney for Debtors has indicated that only Dr. Chappel will be available for the continued date of August 28, 2015 and has asked that Ms. Chappel's §341 be continued to September 11, 2015. The Trustee has accommodated this request and has rescheduled Ms. Chappel's §341 for September 11 at 11:00 a.m.

4   As of this date, Debtors have not provided even the basic documents to the Trustee sufficient to allow the Trustee to complete her due diligence as required by the Bankruptcy Code.

5. The documents requested by the Trustee and still outstanding from the Debtors include the following:

> Bank Statements for all personal bank accounts for 2015
>
> Bank Statements for all personal bank accounts for 2013
>
> Check Registers that show all deposits and checks written for all personal accounts for 2013 through the date of filing in 2015
>
> Personal and all business tax returns for 2014
>
> All business tax returns for 2012 and 2013
>
> Personal Tax Returns for 2012 and 2013 with all schedules and worksheets
>
> The Chappel Group, LLC checks payable to Dr. Chappel to which he testified having in his full control and possession in the §341 meeting on July 17, 2015.

6. Several of these documents are typically provided as a matter of course in individual Chapter 7 bankruptcy cases. Documents in this category include all personal bank statements for 2015 and personal tax returns for 2012, 2013 and 2014 including all schedules. It should be noted that Debtors' personal tax returns for 2012 and 2013 have been provided but do not appear to be full copies with all schedules and worksheets.

7. Documents requested as a result of the Debtors' §341 meeting include all business tax returns, check registers, bank statements for 2013 and 2014, and the Chappel Group, LLC checks. Debtors' §341 transcript beginning with Page 70 through the end of the transcript discuss the documents being requested (Attached as Exhibit A). Debtors's attorney indicates at Page 75, Line 3-4 that he would be able to provide those documents by the end of July, 2015. It is well past the end of July and the Trustee does not have all of the documents, including the basic documents such as 2015 bank statements.

8. Bankruptcy Code §521 and Bankruptcy Rule 4002 require Debtor tax returns to be provided to the Trustee seven (7) days prior to the §341 meeting. The 2014 tax returns have not been provided. Attorney for Debtors has indicated that the Debtors have filed for an extension to file with the Internal Revenue Service, however, no proof of extension has been provided, nor has any paper been filed with this Court requesting an extension to provide those tax returns.

9. Bankruptcy Code § 521(a)(3) requires the Debtor to "...cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under this title." Bankruptcy Code §521(a)(4) goes on to require the Debtor to "...surrender to the Trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

10. The Trustee needs the Debtors' Bank Statements for 2015 and every other requested document in order to properly administer the estate. The Trustee has made a good faith effort to obtain the documents from the Debtor including several e-mails, telephone calls and in-person requests. Debtor should immediately provide the requested documents to the Trustee.

11. The Trustee also asserts that Dr. Chappel has testified at his §341 meeting (Exhibit B, Page 62, Lines 2-6 and Page 64, Lines 14-25) that he is currently holding pre-petition checks

payable to him in the amount of approximately $71,400 ($5,700 bi-weekly for six months) from his entity Chappel Group, LLC. These checks constitute property of the bankruptcy estate and should be provided to the Trustee immediately.

WHEREFORE, the Trustee requests this court to enter an Order directing the Debtors to immediately turn over all requested documents and the Chappel Group, LLC checks which Dr. Chappel testified he was holding and other such relief as the court deems just.

Executed this 21st day of August, 2015.

> /s/ Cynthia E. Lewis
> Cynthia E. Lewis
> Florida Bar No. 0053076
> P.O. Box 540163
> Orlando, FL 32854-0163
> PH:      (407) 872-7447
> Fax No.  (407) 872-7491
> Email: clewis@jamesmonroepa.com
> Attorney for Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing including has been sent by U.S. Mail delivery or electronic transmission to: United States Trustee's Office, 400 West Washington Street, Suite 1100, Orlando; Gene T. Chambers, P.O. Box 533987, Orlando, FL 32853; Debtor's Counsel, Justin M. Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, PO Box 3353, Orlando, Florida 32802; and Debtors, Christopher and Lollie Chappel, 4900 Manor House Lane, St. Cloud, FL 34772 this 21st day of August, 2015.

> /s/Cynthia E. Lewis
> Cynthia E. Lewis